CATHERINE O'CONNOR *vs.* NARRAGANSETT ELECTRIC CO.

JUNE 6, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence. After a hearing before a justice of the Superior Court decision was rendered for the plaintiff for the sum of $2,000. The case is before this court on defendant's exceptions to said decision on the grounds that it is against the weight of the evidence and that the damages are excessive.

The plaintiff, a woman about 66 years of age, resided in the second-floor tenement of premises owned by her in Providence. She let another tenement in the building. On February 8, 1932, at about 4 o'clock p. m. she went down into the cellar room at the foot of the stairs, which room was for the common use of the tenants and contained wash tubs beside a platform along the wall opposite the stairs. Plaintiff testified that she stepped up on this platform, picked up some clothes to carry upstairs, turned around, stepped off the platform, slipped in a pool of oil on the floor and fell, sustaining a fracture of her left wrist.

It appeared in evidence that Mrs. Horenstein, tenant of the first-floor tenement, had by telephone requested the defendant to repair her electric washing machine which was not functioning properly. The foreman of defendant's sales department, who received the message, called a Mr. Grant, who ran an electrical repair business and had specialized in this particular make of machine, and asked him to do the necessary work. Mr. Grant sent a Mr. Gilbert to the house. He examined the washing machine, which was in the cellar room used in common by the tenants, and gave Mrs. Horenstein an estimate of the cost of the repairs. Thereafter, as this estimate was satisfactory, Mrs. Horenstein by telephone ordered the

repairs to be made. On the morning of February 8, Gilbert came to remove the defective unit, which he accomplished by draining off all the water, pushing the machine about ten feet from the wall and turning it upside down. He then replaced the machine in the position in which he had found it and took the unit to his shop.

Plaintiff presented testimony to the effect that on February 8, before Gilbert came to the house, the floor beneath the washing machine and throughout the cellar was completely free of oil, and that the oil upon which she slipped must have been spilled by Gilbert in removing the unit from the machine. She contends that Gilbert was an agent or servant of the defendant and that defendant is liable for the injuries she received from her fall. She asserts that she was in no way negligent; that although it was "dusk" it was not dark enough to necessitate lighting the cellar light and that she did not see any oil on the floor until she fell.

Defendant offered testimony to show that several days before the accident the washing machine had leaked both water and oil. Mr. Gilbert, the repairman, testified that when he first came he found oil on the floor beneath the machine and thereby recognized the defect in the machine; that when he came to remove the unit he again found oil on the floor and, upon finishing his work, wiped it up. Defendant contends that plaintiff was negligent in not having looked where she was stepping, or—if she could not see clearly—in not having turned on the cellar light.

The testimony of negligence is conflicting but we cannot say that it is not sufficient to justify the decision for the plaintiff. The fact that before the accident no witnesses saw oil in the quantity seen by them after the accident and the testimony of Gilbert that he tipped the machine over to remove the defective unit and that he wiped up the oil on the floor at the place where he was working, without any duty so to do unless the oil was there through his act, are circumstances which support the finding of the trial

justice. Where there is nothing inherently improbable or unreasonable in the testimony, findings of fact by a trial justice upon conflicting evidence will not be disturbed. *Tuller* v. *Kapstein*, 169 Atl. (R. I.) 120.

The defendant further contends that its foreman called Mr. Grant because he was the agent for the make of machine needing repair, and disclaims liability because—it contends —Gilbert, who was sent by Grant to do the work ordered, · was, at least so far as the present plaintiff is concerned, an independent contractor, although the specific provisions of his contract with defendant are not in evidence.

In Moll, Independent Contractors and Employers' Liability, the rule of proof in cases where the doctrine of "independent contractor" is relied upon as a defense in the event of a claim of negligence is stated, at p. 68 (note), to be: "*Prima facie*, the person at whose instance and for whose use and benefit work is done is liable for all injuries to third persons resulting from the negligence or unskillfulness of those executing the work; . . . if the defense is that the wrongdoer was not a servant the contract must be shown 'with sufficient particularity to enable the court to determine whether the employment was of this independent character.' "

In the case of *Henry* v. *Mondillo*, 49 R. I. 261 at 264, the court in commenting upon the defense of "independent contractor" said: "The truth is that the surrounding facts are so variable in this class of cases that it is difficult, if not absolutely impossible, to find any two that are on all fours. . . . In this situation the principle of *stare decisis* is of doubtful value. . . . The final test is not the actual exercise of the power of control but the right of the employer to exercise power of control. . . . The question in each case is to be decided from the provisions of the contract of employment together with the particular circumstances. . . . In the circumstances, the method of payment, the option as to time in doing his work and the fact that his employer did not give unnecessary instructions did not make him an independent contractor."

From the record it appears that on occasion defendant hired Grant and Gilbert to repair washing machines and paid them at a given rate per hour, the defendant in turn billing the cost, plus a "service charge", to the customer. In the instant case the owner of the machine reported the defect therein to the defendant. In response to this call Gilbert came to examine the machine and gave an estimate of the cost of the repairs to the owner who thereafter telephoned, not to Gilbert but to the defendant, her decision to have the repairs made. The defendant then sent Gilbert to do this work.

The trial justice in his decision said: "To my mind, the Narragansett Company, in sending that man there in response to an order without telling anybody they were simply employing some independent contractor, and by billing it and adding their own charges . . put themselves in the place of having furnished that man as their agent."

The evidence supports this finding. There is little, if anything, to suggest the status of independent contractor; on the contrary the facts are those usual where work is done through an employee or agent. An independent contractor in the ordinary acceptation of the meaning of the term is one who undertakes the construction or performance of some unit or branch of a larger work, the hiring of labor, furnishing of materials and tools and all that goes into the term "contractor" as contrasted with that of mere "workman" or "employee." The work done by Gilbert is scarcely typical of work ordinarily contracted for by a "contractor."

The facts of the present case bring it within the law enunciated in *Dorsey v. Redford*, 67 Atl. (R. I.) 367, wherein the court said: "The defendant hired these workmen and paid them, and charged the . . . company for their services at an advanced rate. The relation of master and servant subsisted between the defendant and these men, and the doctrine of 'respondeat superior' makes him liable for the effects of their negligence." It has further been

held that an occasional employee, hired for odd jobs and paid by the day or hour, is not an independent contractor. *Columbia School Supply Co.* v. *Lewis*, 116 N. E. (Ind.) 1; *O'Donnell* v. *Clare County Council*, 6 B. W. C. C. 457. And in *Dreamland Ball Room, Inc.* v. *Shapiro*, 36 Fed. (2d) 354, it was held that when a defendant profits from work done by another whom he had hired there is a reasonable inference that the relation of master and servant exists.

It is reasonable to hold that in contracting for the performance of work—especially a small, inexpensive undertaking—one should be permitted, in the absence of full information or evidence of fair probative force to the contrary, to assume that he is dealing with the individual or corporation with whom he has contracted, not only to assure the performance of the contract but also to be assured of the responsibility of the other party to answer for any damages which may be sustained either by himself, as customer, or—as in the instant case—by another person equally entitled to the protection usually arising from dealing with a substantial concern.

In the case at bar the evidence and reasonable inferences therefrom are sufficient to justify the decision of the trial court in its refusal to hold Mr. Gilbert to be an independent contractor and we find no error in the decision in this respect.

The defendant urges that the damages of $2,000 as found by the lower court are excessive. Considering the expenditures for medical attention and nursing, the loss for a time of plaintiff's earning power, her pain and suffering and the fact that she will never regain the full use of her left hand, we cannot say that the sum allowed is excessive.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Arthur L. Conaty, Isadore S. Horenstein, Israel H. Press,* for plaintiff.

*Lee A. Worrell,* for defendant.